Brian J. Waid
Waid Law Office, PLLC
5400 California Avenue SW Suite D
Seattle, WA 98136
(206) 388-1926

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANICE LEE SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>MILODRAGOVICH, DALE & STEINBRENNER, P.C., a Montana Professional Corporation; LON J. DALE, and; MICHAEL BYBEE,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY<br><br><u>JURY DEMAND</u> |

The Complaint of Plaintiff Janice Lee Smith alleges as follows:

**I.      PARTIES**

1.0     Plaintiff Janice Lee Smith is a single person, domiciled in Renton, King County, Washington.

1.1     Defendant Milodragovich, Dale & Steinbrenner, P.C. is, on information and belief, a Montana professional corporation, with its principal place of business in

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 1 of 16

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Missoula, Montana. At all time relevant to these proceedings, Defendant was responsible for the acts and omissions of its employees and principals, including but not limited to Lon J. Dale and Michael Bybee.

1.2     Defendant Lon J. Dale is a person of the full age of majority and, on information and belief, a principal/shareholder in Defendant Milodragovich, Dale & Steinbrenner at all times relevant to this Complaint. On further information and belief, Defendant Dale is domiciled in the State of Montana.

1.3     Defendant Michael Bybee is a person of the full age of majority and, at all times relevant to these proceedings, acting within the course and scope of his employment with Defendant Milodragovich, and under the supervision of Defendant Dale. On information and belief, Defendant Bybee is believed to be a resident of the State of Montana.

## II.     JURISDICTION AND VENUE

2.0     Jurisdiction is proper in this Court based on diversity of citizenship within the meaning of 28 U.S.C. §1332, because Plaintiff is domiciled in the State of Washington and Defendants are all domiciled in the Montana, and the amount in controversy exceeds $75,000.

2.1     This Court also has jurisdiction over this matter as authorized by 28 U.S.C. §1334(b) and (e), and 28 U.S.C. §157 because Plaintiff's claims for relief, as hereinafter alleged, are non-core proceedings related to the Plaintiff's Chapter 11

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 2 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Bankruptcy in the United States Bankruptcy Court for the Western District of Washington, Case no. 17-10988-TWD.

2.2   This Court has personal jurisdiction over Defendants Milodragovich, Dale & Steinbrenner, P.C., Dale and Bybee as authorized by Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and the Fifth Amendment to the United States Constitution, because:  (a) Milodragovich, Dale & Steinbrenner, P.C. filed Proof of Claim no. 2-1 in the Plaintiff's Bankruptcy, in response to which Plaintiffs have filed an Objection; (b)   Plaintiff's causes of action as alleged in this Complaint, the Proof of Claim filed by Defendant Milodragovich, Dale & Steinbrenner, P.C., and Plaintiffs' Objection to that Proof of Claim, are so intertwined that resolution of each will potentially affect the others, and; (c) Defendant Miladragovich, Dale & Steinbrenner, P.C. has actively participated in Plaintiff's bankruptcy case, including through participation in motion practice.   Furthermore, on information and belief, Defendants Dale and/or Bybee have sufficient contacts with the State of Washington to warrant this Court's exercise of jurisdiction over each of them.

2.3   Venue is proper in this Court pursuant to 28 U.S.C. §1409.

### III.   FACTS

3.0   Plaintiff Janice Smith first met John Paul Cote, Sr. in 1963, when she was approximately 14-15 years of age.  Janice and John remained friends for several years after that, prior to losing touch with each other.

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 3 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

3.1     Janice and John Cote reconnected in April 2009 and married on November 23, 2009 in Coeur d'Alene, Idaho.  Janice and John thereafter resided together in the State of Washington.

3.2     On January 5, 2011, John Cote, Sr. executed a Last will and Testament and a Community Property Agreement, both of which were prepared for him by Attorney Dan Kellogg to whom John had been referred by Providence Hospice of Seattle.

3.3     John Cote, Sr. died on February 5, 2011 in King County, Washington.

3.4     On October 3, 2012, Janice Smith filed an application for informal probate of the January 5, 2011 Will of John Paul Cote and appointment of Janice Smith as Personal Representative of the Estate of John Paul Cote, Sr. Estate in the District Court of Ravalli County, Montana. The District Court granted Smith's application, admitted the Will to informal probate and appointed Smith as Personal Representative of the Estate.

3.5     On February 28, 2013, Barbara C. McEwen, John P. Cote, Jr., and Katherine Clemmence (hereinafter referred to as "the Cote Petitioners") filed a petition in the Ravalli County District Court which sought to: (a) invalidate the January 5, 2011 Will of John Paul Cote, Sr.; (b) have an earlier Will dated October 1980 admitted to probate; (c) remove Janice Smith as Personal Representative, and; (d) issue a declaratory judgment that neither Janice Smith nor the Estate of John Paul Cote, Sr.

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 4 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

had any interest in the Ruth Cote Trust property. The Cote Petitioners furthermore asserted claims against Janice Smith for breach of contract, tortious interference, and breach of fiduciary duty. The petition filed by the Cote Petitioners is hereinafter referred to as "the Underlying Matter."

3.6     On or about January 29, 2013, Smith retained Defendants Lon J. Dale and the Defendant law firm, Milodragovich, Dale & Steinbrenner, P.C. to represent her in the Underlying Matter. Defendants Dale and Milodragovich, Dale & Steinbrenner, P.C. thereafter assigned their associate attorney, Michael Bybee, to work on Smith's case under the supervision of Defendant Dale.

3.7     Upon accepting representation of Plaintiff Smith, Defendants Dale and Bybee undertook a duty of competence in favor of Smith to meet the standard of care applicable to a reasonably prudent Montana attorney representing a client in the same or similar circumstances as Smith.

3.8     Upon accepting representation of Plaintiff Smith, Defendants Dale and Bybee also undertook the duties of fiduciaries in favor of Smith, including the duties of undivided loyalty and confidentiality.

3.9     During the course of Defendants' representation of Smith in the Underlying Matter, Smith followed the defendants' instructions, relied upon their advice relative to discovery and pleadings, and provided Defendants with all documents and information her attorneys requested.

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 5 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

3.10     On July 30, 2014, the District Court entered an order granting the Cote Petitioners' petition for a declaratory judgment that neither Smith nor John's estate held any interest in the Ruth Cote Trust property.

3.11     Defendants did not advise Smith whether she could or should appeal from the July 30, 2014 District Court order referred to in ¶3.10.

3.12     Thereafter, on January 17, 2017, the Montana Supreme Court held that the July 30, 2014 District Court order referred to in ¶3.10 was a final order and that, by failing to issue a timely notice of appeal, the July 30, 2014 order referred to in ¶3.10 prevented Smith from claiming any interest in the Montana real estate that had prompted her to seek probate of the January 5, 2011 Will of John P. Cote, Sr. in Montana.

3.13     Smith had provided the January 2, 2011 Will to probate counsel, Royce McCarty, on or before July 11, 2012.  When Defendants Dale and Milodragovich, Dale & Steinbrenner, P.C. accepted representation of Smith, they received a signed copy of the January 2, 2011 Will from Mr. McCarty on or before March 12, 2013.

3.14     Defendants Dale and and Milodragovich, Dale & Steinbrenner, P.C. withheld disclosure of the January 2, 2011 Will from discovery in the Underlying Matter due to Defendants' own lack of diligence in that they overlooked its existence in their files for a period in excess of two years.

3.15     Defendants first disclosed the existence of John Cote, Sr.'s January 2,

**Complaint for Legal Malpractice and Breach of Fiduciary Duty**
Page 6 of 16

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

2011 Will to the Cote Petitioners and the Court in the Underlying Matter on August 31, 2015 (which was the first day of trial).

3.16    Trial of the Underlying Matter took place on August 31, 2015 and September 1, 2015, to the Court without a jury

3.17    On October 27, 2015, the Cote Petitioners filed a motion for sanctions against Smith based on the conduct of Defendants Dale and Bybee.

3.18    On May 9, 2016, the trial court in the Underlying Matter granted the motion for sanctions referred to in ¶3.17, including: (a) an award of attorney fees and costs to be determined in the future; (b) removal of Smith as Personal Representative of the Estate, and; (c) invalidation of the January 5, 2011 Will of John P. Cotes, Sr.

3.19    The trial court in the Underlying Matter found that Defendants Dale and Bybee were responsible, at least in part, for the conduct upon which it based its May 9, 2016 order imposing sanctions.

3.20    Plaintiff believes, and therefore alleges on information and belief, that Defendants Dale and Bybee were solely responsible for the acts and omissions that led to the entry of the May 9, 2016 order in the Underlying Matter, particularly considering that she relied upon and followed the advice of Defendants Dale and Bybee on the matters that led to the imposition of sanctions.

3.21    Plaintiff further believes, and therefore alleges on information and belief, that the trial court in the Underlying Matter would not have imposed sanctions against

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 7 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Smith and would not have removed her as Personal Representative but for the conduct of Defendants Dale and Bybee.

3.22   Defendants Dale and/or Bybee advised Smith to appeal the Court's May 9, 2016 order to the Montana Supreme Court.  Smith followed Defendants' recommendation and filed the appeal in Montana Supreme Court Case no. DA 16-0295.

3.23   Defendants thereafter selected and retained outside counsel, Don Snavely, to evaluate and opine on the attorney fee issue, for the benefit of both Smith and Defendants.  The trial court in the Underlying Matter found Snavely's testimony "not well taken." Defendants nevertheless required that Smith pay Snavely's fees.

3.24   The Appellant's Opening Brief filed on behalf of Smith by Defendants Dale and Bybee argued, among other things, that the Court should reverse the imposition of sanctions against Dale and Bybee.

3.25   By arguing that the Court should vacate the joint responsibility Dale and Bybee for the sanctions imposed by the May 9, 2016 trial court order, Defendants Dale and Bybee breached the fiduciary duties and standard of care that they owed Smith.

3.26   During the appeal in Supreme Court case no. DA 16-0295, Defendants Dale and Bybee submitted improper documentation to the Supreme Court that the District Court in the Underlying Matter had not considered.  Defendants' submission of the improper documentation prompted the Cote children to file a motion to strike, which increased the Defendants' fees and expenses, and also increased the fees and expenses

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 8 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

ultimately awarded against Smith, as hereinafter more fully described. The Supreme Court granted the Motion to Strike.

3.27   Defendant Milodragovich, Dale & Steinbrenner billed and collected fees from Smith for services provided in the appeal of the May 9, 2016 Order, even though such services were for the joint benefit of Defendants and to correct the errors of Defendants Dale and/or Bybee.

3.28   On January 4, 2017, the trial court in the Underlying Matter ordered Smith to pay the Cote Petitioners $306,954.23. The January 4, 2017 Order also awarded the Cote Petitioners "fees-on-fees" to be determined in the future.

3.29   On January 17, 2017, the Montana Supreme Court issued its opinion in *Estate of Cote,* Case no. DA 16-0295, in which it affirmed the trial court May 9, 2016 order in the Underlying Matter, except that it reversed the trial court order imposing fees and costs jointly against Defendants Dale and Bybee.

3.30   On November 22, 2017, the trial court in the Underlying Matter ordered Smith to pay an additional $369,185.18 in fees and costs to the Cote Petitioners and the Ruth Cote Trust. The court further ordered Smith to pay fees and costs of the Cote Petitioners' fees in Smith's bankruptcy case totaling $17,599.50 plus any additional fees and costs incurred by the Cotes Petitioners in the bankruptcy.

3.31   In addition to the fee awards described in ¶3.28 and ¶3.30 of this Complaint, Smith sustained additional damages that include, but are not limited to:

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 9 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

mitigation expenses (including fees and expenses incurred in Smith's bankruptcy proceedings), damage to credit, loss of property, emotional distress and mental anguish, and such other damages as may be proven through discovery and/or at trial.

3.32   Smith paid Milodragovich, Dale & Steinbrenner, P.C., fees and expenses in connection with the Underlying Matter (including the appeal(s) in respect thereto) an amount which, on information and belief, exceed $75,000.  Defendant Milodragovich, Dale & Steinbrenner, P.C. filed Proof of Claim 2-1 in Plaintiff's Bankruptcy which seeks an additional $521,063.69 in attorney fees and expenses billed to Smith during the period of the Defendants' representation of her.

3.33   Defendants may not charge or collect the amounts billed to Plaintiff by Milodragovich, Dale & Steinbrenner, P.C. for work performed by Defendants to correct their own errors, services which did not meet the standard of care expected of a reasonable Montana attorney in the same or similar circumstances, work performed for the benefit of the attorney rather than the client, and/or unnecessary work.

3.34   The fees and expenses charged Smith by Defendant Milodragovich, Dale & Steinbrenner, P.C. include time and expenses incurred as a direct result of Defendants' breaches of the standard of care and/or breaches of fiduciary, work performed by Defendants to defend or correct their own mistakes, work performed for the benefit of Defendants, and and such other unnecessary work as may be proven at trial.

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 10 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

## IV. FIRST CLAIM FOR RELIEF: LEGAL MALPRACTICE

4.0     Plaintiff re-alleges and incorporates by reference ¶¶1.0-3.34, as if fully set forth here.

4.1     Defendants Dale and/or Bybee breached the duty of care expected of a Montana attorney representing clients in the same or similar manner during the course of their representation of the Plaintiff, including but not limited to:

A.  Failing to properly respond to discovery;

B.  Failing to conduct appropriate investigations of the facts related to the Underlying Matter, including Defendants' failure to identify documents in their possession and material to Smith's defense;

C.  Concealing documents from production;

D.  Failing to cooperate with the adverse party in discovery;

E.  Filing inaccurate pleadings, including as a result of Defendants' failure to properly review and investigate information and documents in their possession;

F.  Billing Smith for services provided to correct Defendants' own errors and/or for the benefit of Defendants themselves;

G.  Failing to fully advise Smith of information material to her case, so that Smith was unable to make informed decisions related to the conduct of the litigation;

**Complaint for Legal Malpractice and Breach of Fiduciary Duty**
Page 11 of 16

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

H. Advising Smith not to cooperate with Defendants' discovery demands;

I. Failing to advise Smith of the liability exposures to which Defendants' conduct exposed Smith;

J. Continuing to represent Smith after a conflict of interest arose between Smith and Defendants on or before October 27, 2015.

K. Such other acts and omissions as may be discovered during the course or discovery and/or at trial.

4.2 During the course of Defendants' representation, Smith noticed evidence of cognitive decline on the part of Defendant Dale, including an inability to remember Smith's name, an inability to remember his own grandson's name, and an inability to remember and lack of familiarity with the details of her case.

4.3 Smith expressly raised her concerns about Defendant Dale's apparent lack of cognitive ability to Defendant Bybee and Mr. Dale's paralegal.

4.4 Defendants Dale and Bybee knew, or reasonably should have known of Defendant Dale's cognitive decline and resulting inability to properly represent Smith at trial.

4.5 Defendants Dale and Bybee thus further breached the standard of care owed to Plaintiff by proceeding to trial with Defendant Dale as lead counsel despite their knowledge that Mr. Dale was mentally unable to properly prepare for and try Smith's case.

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 12 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

4.6     Plaintiff sustained damages as a direct and proximate result of Defendants' breach(es) of the standard of care.

4.7     Defendant Milodragovich, Dale & Steinbrenner, P.C. is jointly and severally liable as *respondent superior* for the acts and omissions of Defendant Dale and Bybee that occurred during the period of their representation of Plaintiff.

WHEREFORE Plaintiff Janice Lee Smith prays for judgment in her favor and against the Defendants, jointly and severally, awarding her the following relief:

A. All damages sustained by Plaintiff as a result of Defendants' acts and/or omissions in breach of the standard of care;

B. Legal interest, including pre-judgment interest on all damages to the fullest extent authorized by Washington law;

C. All taxable costs and disbursements;

D. Such other and different relief as the Court may deem just and equitable.

## V.     SECOND CLAIM FOR RELIEF:  BREACH OF FIDUCIARY DUTY

5.0     Plaintiff re-alleges and incorporates by reference ¶¶1.0-4.7.

5.1     No later than October 27, 2015, Defendants Dale, Bybee and Milodragovich, Dale & Steinbrenner, P.C. knew, or reasonably should have known, that Smith had a potential claim against them for legal malpractice.

5.2     Defendants' fiduciary obligations to Smith required Defendants to make full and complete disclosure of all material facts at such time as they knew, or

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 13 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

reasonably should have known, that Smith had potential malpractice claim and/or breach of fiduciary duty claims against Defendants, including advising Smith: (a) of her potential claim against Defendants; (b) of the conflict of interest that resulted from the existence of that potential claim; (c) in writing, to seek the advice of independent counsel, and; (d) that they could not continue to represent Smith in the absence of her written, informed consent to Defendants' continued representation despite Defendants' conflict of interest.

  5.3 On information and belief, Defendants Dale, Bybee, and Milodragovich, Dale & Steinbrenner, P.C. breached their fiduciary duties to Smith when they continued to represent Smith after October 27, 2015 without advising Plaintiff of: (a) her potential claim against Defendants; (b) the conflict of interest that resulted from the existence of that potential claim; (c) her right to seek the advice of independent counsel, and; (d) that they could not continue to represent Plaintiffs in the absence of Plaintiff's written, informed consent to Defendants' continued representation despite Defendants' conflict of interest.

  5.4 On information and belief, Defendants Dale, Bybee, and Milodragovich, Dale & Steinbrenner, P.C. further breached their fiduciary duties to Smith when they continued to represent Smith after May 9, 2016 without advising Plaintiff of: (a) her potential claim against Defendants; (b) the conflict of interest that resulted from the joint liability of Smith and Defendants for the sanctions imposed against her; (c) her

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 14 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

right to seek the advice of independent counsel, and; (d) that they could not continue to represent Plaintiffs in the absence of Plaintiff's written, informed consent to Defendants' continued representation despite Defendants' conflict of interest.

5.5     Disgorgement of previously-paid fees, forfeiture of unpaid fees, and damages, represent appropriate remedies for Defendants' breaches of fiduciary duty.

5.6     Smith is therefore entitled to disgorgement of fees previously paid to Defendant Milodragovich, Dale & Steinbrenner, P.C, as well as forfeiture of fees currently claimed by Defendant Milodragovich, Dale & Steinbrenner, P.C in Smith's pending bankruptcy proceeding.

5.7     Plaintiff also sustained damage as a direct and proximate result of Defendants' breach(es) of fiduciary duty.

5.8     Defendant Milodragovich, Dale & Steinbrenner, P.C. is jointly and severally liable as *respondent superior* for the acts and omissions of Defendant Dale, and such other attorneys at the firm who may have represented Plaintiff, occurring during the period of their representation of Plaintiff.

WHEREFORE plaintiff Janice Lee Smith prays for judgment in her favor and against the defendants, jointly and severally, awarding her the following relief:

A.     Disgorgement of all fees previously paid to Defendants by Plaintiff;

B.     Forfeiture of all fees charged to Plaintiff by Defendants, but unpaid;

C.     All damages sustained by Plaintiff and proximately caused by

Complaint for Legal Malpractice and
Breach of Fiduciary Duty
Page 15 of 16

WAID LAW OFFICE, PLLC
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926

Defendants' acts and/or omissions;

D. Legal interest, including pre-judgment interest, on all damages and/or previously-paid fees, to the fullest extent authorized by applicable law;

E. All taxable costs and disbursements;

F. Such other and different relief as the Court may deem just and equitable.

## VI. DEMAND FOR TRIAL BY JURY

6.0 Plaintiff demands that all issues in this case be tried to a jury, pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. Proc. 38.

DATED: July 5, 2018.

                WAID LAW OFFICE, PLLC

                BY:\_\_\_/s/ Brian J. Waid_____
                      BRIAN J. WAID
                      WSBA No. 26038
                      bjwaid@waidlawoffice.com
                      Attorney for Plaintiff

**Complaint for Legal Malpractice and Breach of Fiduciary Duty**
Page 16 of 16

**WAID LAW OFFICE, PLLC**
5400 CALIFORNIA AVENUE SW, SUITE D
SEATTLE, WA 98136
206.388.1926